[No. 23064-0-II.    Division Two.    November 12, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD M. OLNEY, *Appellant*.

*Lloyd William Peterson*, for appellant (appointed counsel for appeal).

*Michael Dwayne Smith, Prosecuting Attorney*, for respondent.

BRIDGEWATER, C.J. — Richard M. Olney appeals his 42-

month sentence for second degree assault, asserting that the trial court erred by imposing a three-year sentencing enhancement for his use of a firearm while committing the assault. We hold that the trial court may sentence using the firearm enhancement when the jury has returned a special verdict finding that the defendant was armed with a deadly weapon. We affirm.

After a day of drinking and arguing, Olney shot his son, Richard Ray, with a .38 caliber revolver. Fortunately, Ray's injuries to his left rib cage were not life threatening and he recovered. The State alleged in its second amended information that Olney committed first degree assault, alleging that he assaulted Ray "with a firearm, to wit: by shooting victim in the side with a .38 caliber pistol in violation of RCW 9A.36.011(1)(a)." The information warned Olney of the maximum punishment and fine, and stated: "IN ADDITION, Special Verdict Deadly Weapon Enhancement, RCW 9.94A.125 adds an additional 60 months of imprisonment to each sentence." The jury convicted him for the lesser included charge of second degree assault and returned a special verdict finding that he had committed the offense while armed with a deadly weapon.

The trial court sentenced Olney to six months' incarceration on the assault charge and added three years to this sentence under the firearm enhancement provision of RCW 9.94A.310(3). On appeal, Olney argues that the State's failure to propose a special verdict form allowing the jury to find that he was armed with a firearm precludes the court from adding a firearm enhancement.

## I. Standard of Review

■ This case involves the meaning of portions of the Sentencing Reform Act of 1981 (SRA), RCW 9.94A. Interpretation of the SRA is a question of law reviewed by an appellate court de novo. *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 245, 955 P.2d 798 (1998).

## II. Statutory Framework

As a result of the "Hard Time for Armed Crime Act," criminal defendants now face increased penalties for crimes committed with a firearm. The penalties are five additional years for a class A felony and three years for a class B felony for defendants with no other convictions involving deadly weapons. RCW 9.94A.310(3).[1] Criminals are subject to enhanced sentences for crimes committed with deadly weapons other than firearms, but to a lesser degree—two years for a class A felony and one year for a class B felony. RCW 9.94A.310(4);[2] LAWS OF 1995, ch. 129, § 21 (Initiative Measure No. 159). The Hard Time Act's purpose, in part, was to "[d]istinguish between the gun predators and criminals carrying other deadly weapons and provide greatly increased penalties for gun predators and for those offenders committing crimes to acquire firearms." LAWS OF 1995, ch. 129, § 1(2)(c). In practical effect, a criminal will now serve a longer sentence if he or she commits a crime

[1]RCW 9.94A.310(3) provides in relevant part:

"The following additional times shall be added to the presumptive sentence for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime. . . .

"(a) Five years for any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, and not covered under (f) of this subsection.

"(b) Three years for any felony defined under any law as a class B felony or with a maximum sentence of ten years, or both, and not covered under (f) of this subsection."

[2]RCW 9.94A.310(4) provides in relevant part:

"The following additional times shall be added to the presumptive sentence for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a deadly weapon as defined in this chapter other than a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any deadly weapon enhancements based on the classification of the completed felony crime. . . .

"(a) Two years for any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, and not covered under (f) of this subsection.

"(b) One year for any felony defined under any law as a class B felony or with a maximum sentence of ten years, or both, and not covered under (f) of this subsection."

with a gun rather than a knife or some other deadly weapon.

In a separate section of the SRA, enacted long before the 1995 amendments, the State must provide the defendant with notice, by special allegation, of its intent to seek a deadly weapon sentencing enhancement. RCW 9.94A.125.[3] In addition, this statute requires that the fact finder make a specific finding (a jury must do so by special verdict) that the crime was committed with a deadly weapon. RCW 9.94A.125. The definition of "deadly weapon" includes firearms. RCW 9.94A.125. The Hard Time Act amendments did not alter RCW 9.94A.125, nor did the amendments require a special finding for convictions involving firearms.

### III. Firearm Enhancement and Special Verdict Form

Olney contends that the trial court should have given the jury a special verdict form specifically addressing whether he committed the crime while armed with a firearm. Three recent Court of Appeals decisions suggest that neither the constitution nor the SRA grants a defendant the right to have a jury determine whether he or she was armed with a firearm during the commission of a

---

[3]RCW 9.94A.125 provides:

"In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime.

"For purposes of this section, a deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death. The following instruments are included in the term deadly weapon: Blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, *pistol, revolver, or any other firearm*, any knife having a blade longer than three inches, any razor with an unguarded blade, any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas." (Emphasis added.)

crime, even if a sentencing enhancement is premised on this factor.

In *State v. Meggyesy*, 90 Wn. App. 693, 707-10, 958 P.2d 319, *review denied*, 136 Wn.2d 1028 (1998), the State gave notice of a deadly weapon enhancement and the jury found that the defendant was armed with a deadly weapon, but the trial court imposed an enhanced sentence for committing the crime with a firearm under RCW 9.94A.310(3). After reviewing the statutory framework, Division One rejected the defendant's claims that: (1) the State violated his due process rights by not providing the jury with a special verdict form regarding the use of a firearm; and (2) the State violated his right to trial by jury by not proving beyond a reasonable doubt the facts triggering an enhanced penalty. *Meggyesy*, 90 Wn. App. at 708-09. While the SRA expressly requires a jury finding on the question of whether the defendant was armed with a deadly weapon under RCW 9.94A.125, there is no corresponding requirement for a jury finding concerning the use of a firearm. *Meggyesy*, 90 Wn. App. 708-09. Division One relied significantly upon *State v. Thorne*, 129 Wn.2d 736, 921 P.2d 514 (1996).

In *Thorne*, the Washington Supreme Court upheld the Persistent Offender Accountability Act in the face of a series of constitutional challenges. The court rejected a due process argument that the charging document failed to inform the defendant of the possibility of a life sentence. Relying on federal constitutional analysis, the Supreme Court reasoned that the "three strikes" law deals with sentencing and does not create a new crime; therefore, the State is not required to include allegations of the defendant's criminal history in the information. *Thorne*, 129 Wn.2d at 779-81.[4] The court also rejected the argument that a defendant has the constitutional right to a jury determination as to the appropriate sentence to be imposed even where the sentence turns on specific findings of fact:

---

[4]Olney does not argue that the State violated his right to due process by failing to specifically allege the firearm enhancement statute in the information. But we note that every element of notice is present, i.e., the length of time, the allegation of a firearm, except the statute citation is incorrect.

The Defendant argues that since the finding of a deadly weapon sentence enhancement factor is submitted to the jury in Washington, the persistent offender factor must also be submitted to a jury. However, this ignores that our statutes have required a special jury verdict on that question. Former RCW 9.95.015; RCW 9.94A.125. There is no constitutional requirement that a deadly weapon finding be made by the jury; if it is a sentencing factor, the sentencing court may make that finding. *McMillan* [*v. Pennsylvania*], 477 U.S. 79[, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986)].

*Thorne*, 129 Wn.2d at 782.

*McMillan v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986), is helpful in deciding this appeal. Pennsylvania's firearm enhancement statute required the trial court to enter a posttrial finding, based on the preponderance of the evidence, as to whether the defendant "visibly possessed a firearm" and, if so, to increase the minimum sentence according to the mandatory enhancement. *Id.* at 81-82. The United States Supreme Court upheld the sentencing scheme, holding that the defendant did not enjoy a constitutional right to have the jury decide all facts that bear upon sentencing. *Id.* at 84-91. The rationale of *McMillan* effectively forecloses Olney's single assertion of error here.

The other divisions of the Court of Appeals have adhered to *Meggyesy* in recent decisions. *See State v. Rai*, 97 Wn. App. 307, 983 P.2d 712 (1999) (Division One); *State v. Serrano*, 95 Wn. App. 700, 977 P.2d 47 (1999) (Division Three). In *Rai*, the trial court felt constrained to impose a lesser enhanced sentence for use of a "deadly weapon . . . other than a firearm" (RCW 9.94A.310(4)), because the jury had returned a deadly weapon special verdict form rather than a form that more specifically found that the defendant used a firearm. *Rai*, 97 Wn. App. at 311. Division One remanded for resentencing, reasoning that the mandatory language of the Hard Time Act requires the trial court to impose a firearm enhancement when the uncontested evidence demonstrates that the crime was committed with a firearm. *Id.* at 312.

Here, Olney essentially requests the relief that the trial court granted the defendant in *Rai*; in other words, Olney requests imposition of a one-year enhancement under RCW 9.94A.310(4) rather than the three-year enhancement under subsection .310(3). But the enhancements in RCW 9.94A.310(4) are imposed on criminals who are armed with a "deadly weapon *other than a firearm* . . . ." (emphasis added.) It would be completely inconsistent and contrary to the evidence for the trial court to impose an enhancement for use of a deadly weapon "other than a firearm" in this case. It is uncontested that Olney shot Ray with a .38 caliber pistol. No evidence suggests Olney used any other "deadly weapon" but a firearm. The jury returned a special verdict form indicating that Olney was armed with a deadly weapon. The trial court sentenced him for use of a firearm, a specific type of deadly weapon. There was no dispute or contrary evidence regarding the type of weapon Olney used. The relief Olney requests, a lesser enhanced sentence for use of a weapon "other than a firearm," is illogical and unsupported by the evidence. We join our colleagues in Divisions One and Three and follow the rationale of *Meggyesy*. The trial court sentenced Olney correctly.

Affirmed.

HOUGHTON and ARMSTRONG, JJ., concur.