45 P.3d 1112 (2002)
111 Wash.App. 519
STATE of Washington, Respondent,
v.
Michael Dean TAYLOR, Appellant.
No. 20205-4-III.
Court of Appeals of Washington, Division 3, Panel One.
May 9, 2002.
*1113 Paul J. Wasson, Spokane, for Appellant.
Stephen T. Graham, Deputy Prosecuting Attorney, for Respondent.
SWEENEY, J.
This is the third time this sentencing dispute has come before us for review. We vacated and remanded Michael Taylor's original sentence and his second sentence. Both times the trial court imposed the same 216-month term. He again appeals. This time he argues that the court erred by (1) imposing community custody; (2) sentencing him based on elements for which he had not been convicted, in violation of the United States Supreme Court's decision in Apprendi v. New Jersey;[1] (3) failing to follow directions set out in our last remand; and (4) failing to conduct a hearing on disputed facts relied on in earlier hearings.
The trial court did not violate the rule set out in Apprendi because the overall sentence here does not exceed the statutory maximum. See State v. Gore, 143 Wash.2d 288, 21 P.3d 262 (2001). The court did not fail to follow our mandate simply because it relied on the aggravating factors used at Mr. Taylor's first sentencing. Nor was the court required to conduct a hearing on facts that were unchallenged *1114 during his first hearing. But because community custody is limited to the period of his early release (an unknown), imposition of 36 months is error.
We therefore vacate the imposition of the 36-month community custody requirement and order community custody consistent with former RCW 9.94A.120(9)(b) (1996) (when sentenced to maximum term, community placement consists only of eligible community custody).

FACTS
Mr. Taylor pleaded guilty to four counts of child molestation in 1996. The trial court imposed an exceptional sentence of 216 months. Mr. Taylor appealed.
A commissioner of this court held that (1) Mr. Taylor's exceptional sentence was clearly justified by the trial court's findings of fact, (2) Mr. Taylor's attempt to challenge the court's factual findings was untimely and in any event immaterial, (3) the exceptional sentence was not excessive, but (4) the trial court erred by imposing the entire 2163-month sentence on only one countthe sentence exceeded the statutory maximum for the crime. RCW 9A.20.021(1)(b). The commissioner then granted the motion on the merits, vacated the sentence, and remanded for resentencing.
The court again sentenced Mr. Taylor. And the trial court again imposed a 216-month exceptional sentence. Mr. Taylor then filed a personal restraint petition. We again ordered Mr. Taylor's sentence vacated and remanded for resentencing because the standard range for three of the four counts had been miscalculated. The court also had failed to enter findings supporting the exceptional sentence.
At his third sentencing, the trial court again imposed a 216-month exceptional sentence and a minimum of 36 months of community custody. The trial court also entered findings of fact and conclusions of law in support of the exceptional sentence.

COMMUNITY CUSTODY
Mr. Taylor now argues: (1) that community custody was not an option when he was originally sentenced in 1996. And (2) because the sentence was nunc pro tunc to the date of his original sentence, Mr. Taylor must be sentenced under the 1996 law.
STANDARD OF REVIEW
Interpretation of the Sentencing Reform Act is a question of law so our review is de novo. In re Post Sentencing Review of Charles, 135 Wash.2d 239, 245, 955 P.2d 798 (1998).
In 1996, Mr. Taylor's judgment included the following paragraph:
COMMUNITY PLACEMENT AND COMMUNITY CUSTODY. RCW 9.94A.120. Community placement is ordered for a community placement eligible offense (e.g., sex offense, serious violent offense, second degree assault, any crime against a person with a deadly weapon finding, Chapter 69.50 or 69.52 RCW offense), or community custody is ordered to follow work ethic camp if it is imposed, and standard mandatory conditions are ordered. Community Placement is ordered for the period of time provided by law.
Judgment and Sentence (Ferry County Superior Court Cause No. 95-1-00042-8, filed Mar. 5, 1996) at 5. But in his most recent sentence (the subject of this appeal), the court ordered community custody for a period of 36 months or "the period of earned early release awarded ..., which ever is longer and standard mandatory conditions are ordered." Clerk's Papers (CP) at 29.
Our task here is to apply the community custody requirement for sex offenders in 1996. Mr. Taylor argues that community custody was not available for crimes committed before July 1, 2000. Appellant's Br. at 5.
Mr. Taylor is, of course, entitled to be sentenced under the law as it existed in 1996. RCW 9.94A.345; State v. Harvey, 109 Wash. App. 157, 163, 34 P.3d 850 (2001). The earlier statute reads in relevant part that:

When the court sentences an offender under this subsection to the statutory maximum period of confinement then the community placement portion of the sentence shall consist entirely of the community custody to which the offender may become *1115 eligible, in accordance with RCW 9.94A.150(1) and (2).
Former RCW 9.94A.120(9)(b) (1996) (emphasis added).
Mr. Taylor, as a sex offender, was not entitled to early release. He was only entitled to community custody in lieu of early release. Former RCW 9.94A.150(2) (1996). And because his total sentence exceeds the statutory maximum for one count, the community placement portion of his sentence "shall consist entirely of the community custody to which [he] may become eligible." Former RCW 9.94A.120(9)(b) (1996). A sentence requiring 36 months of community custody or "the period of earned early release awarded ..., which ever is longer" is then not possible under the 1996 statutory scheme. CP at 29.
Mr. Taylor's sentence must then be amended to order a term of community placement consistent with 1996 law, i.e., his sentence should order community placement consisting of only the period of community custody for which he may become eligible pursuant to former RCW 9.94A.150(1) and (2) (1996). Former RCW 9.94A.120(9)(b) (1996).

APPRENDI v. NEW JERSEY REQUIREMENTS
Mr. Taylor next argues that the trial court relied on unproven multiple incidents with multiple victims in order to elevate his sentence above the statutory maximum, all this in violation of the United States Supreme Court's decision in Apprendi.
In Apprendi, the United States Supreme Court held that:
Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.
Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (emphasis added). Apprendi concerned a defendant who was sentenced beyond the statutory maximum for the crime because the trial judge determined, by a preponderance of the evidence, that the crime was motivated by racial animus. Id. at 469-71, 120 S.Ct. 2348.
Mr. Apprendi pleaded guilty to three different crimes. Id. at 469-70, 120 S.Ct. 2348. The trial court determined that one of the crimes was racially motivated and sentenced him to 12 years on that single count, 2 years higher than the statutory maximum. Id. at 470-71, 120 S.Ct. 2348. Mr. Apprendi's sentences on the other two crimes ran concurrently to the 12-year sentence. Id. at 471, 120 S.Ct. 2348. The State argued that the trial court could have reached the same 12-year sentence by imposing consecutive sentences on the different counts without violating the statutory maximum for any single crime. Id. at 474, 120 S.Ct. 2348. The Court, however, phrased the issue differently:
The constitutional question, however, is whether the 12-year sentence imposed on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count. The finding is legally significant because it increased indeed, it doubledthe maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10-year sentence on that count into a minimum sentence.
Id. (emphasis added).
Apprendi prohibits sentences above the statutory maximum for a single offense, without appropriate jury fact finding. Here, Mr. Taylor was sentenced within the statutory maximum for each separate count. Our Supreme Court has held that the rule laid down in Apprendi does not apply to aggravating factors used by the trial court to impose an exceptional sentence within the statutory maximum for an offense. Gore, 143 Wash.2d at 313-14, 21 P.3d 262.
Here, Mr. Taylor was sentenced within the statutory maximum on each of the four counts. Apprendi is not then applicable to Mr. Taylor's sentence.

"SENTENCED ANEW"
The language in our last opinion used the words "sentenced anew." CP at 8. Mr. Taylor complains that "the trial court merely *1116 read into the record the old reasons and gave the same sentence." Appellant's Br. at 7.
We vacated Mr. Taylor's second sentence for two reasons: (1) miscalculation of the standard range, and (2) the lack of findings to support the exceptional sentence. On remand, the trial court corrected the standard range and entered appropriate findings in support of the exceptional sentence.
Mr. Taylor's argument that resentencing, or sentencing anew, requires anything more than what the trial court did is not supported by authority or logic. We identified the problems with Mr. Taylor's sentence (standard range and lack of findings), vacated the sentence, and remanded for correct sentencing. The trial court corrected its earlier errors and again sentenced him.

HEARING FINDINGS AND CONCLUSIONS
Mr. Taylor next assigns error to the court's failure to hold a hearing on facts supporting the exceptional sentence.
The trial court used its prior findings and conclusions in support of Mr. Taylor's exceptional sentence:
Now for the record, I'm going to read the findings of fact and conclusions of law as I gave them in 1996, I guess, and this, so that there can be no doubt that this is what the court's findings are to be.
Report of Proceedings (RP) at 22. Our commissioner addressed that issue in Mr. Taylor's first appeal. That ruling is the law of the case.
"[Q]uestions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause."

Folsom v. County of Spokane, 111 Wash.2d 256, 263, 759 P.2d 1196 (1988) (quoting Adamson v. Traylor, 66 Wash.2d 338, 339, 402 P.2d 499 (1965)). Reconsideration of the same issue is only appropriate when the prior holding is "clearly erroneous and the application of the doctrine would result in manifest injustice." Folsom, 111 Wash.2d at 264, 759 P.2d 1196; Eserhut v. Heister, 62 Wash. App. 10,14, 812 P.2d 902 (1991).
Mr. Taylor does not allege that the prior holding was errorhe does not even address the prior holding. Instead, Mr. Taylor asserts that he is entitled to a hearing because he disputes some of the trial court's findings. But in our prior holding we held that the exceptional sentence was proper. We also concluded that Mr. Taylor's objections were both untimely and immaterial.
In short, the adequacy of the trial court's findings and conclusions in support of Mr. Taylor's exceptional sentence has already withstood appellate scrutiny. We will not revisit them here. Folsom, 111 Wash.2d at 264, 759 P.2d 1196.

CONCLUSION
We vacate the community custody portion of Mr. Taylor's sentence and remand for imposition of community placement consistent with the law in 1996. We affirm Mr. Taylor's sentence in all other aspects.
WE CONCUR: BROWN, C.J., and KATO, J.
NOTES
[1] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).