[No. 22009-5-III.   Division Three.   February 1, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN BADER, *Appellant*.

*Dennis W. Morgan*, for appellant.

*Karl F. Sloan, Prosecuting Attorney*, and *Stephen M. Bozarth, Deputy*, for respondent.

¶1 SCHULTHEIS, J. — John Lawrence William Bader appeals the denial of his motion for immediate release from his incarceration. He essentially contends that the proper construction of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, allows him to reduce the incarceration portion of his sentence by the mandatory three-year community custody term "in lieu of" reducing it by his earned early release time. We disagree and affirm the trial court's denial of his motion.

## FACTS

¶2 Mr. Bader entered a guilty plea to one count of second degree child rape on April 30, 1998. He was sentenced to 102 months' incarceration and 36 months' community custody. That sentence was suspended to allow treatment under the Special Sex Offender Sentencing Alternative (SSOSA). Due to his failure to comply, the SSOSA sentence was revoked on November 23, 1998 and the original sentence reinstituted.

¶3 Mr. Bader filed a pro se motion for immediate release to community custody on August 16, 2002. The motion was denied on March 21, 2003. Mr. Bader appealed through counsel. The State moved to affirm on the merits. The commissioner denied the motion, ruling that Mr. Bader's contention is an interpretation of the SRA never before seen and the matter should be referred to us for resolution as an issue of first impression.

## DISCUSSION

■ ¶4 Interpretation of the SRA is a question of law which we review de novo. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001); *State v. Olney*, 97 Wn. App. 913, 914, 987 P.2d 662 (1999) (citing *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 245, 955 P.2d 798 (1998)). When the meaning of a statute is clear on its face, we assume that the legislature means exactly what it says, giving criminal statutes literal and strict interpretation. *Keller*, 143 Wn.2d at 276. Our primary objective is to ascertain and give effect to the intent and purpose of the legislature in creating the statute. *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002).

■ ¶5 Mr. Bader incorrectly asserts that we must use the law in effect at the time of sentencing. We review Mr. Bader's sentencing issue under the law in effect at the time of the offense. RCW 9.94A.345; *State v. Taylor*, 111 Wn. App. 519, 523, 45 P.3d 1112 (2002). The date of the offense was

either between December 1 and 31, 1997 (as stated in the plea agreement and statement on plea) or on January 31, 1998 (as stated in the judgment and sentence). The same applicable statutes were in effect during this time frame.

¶6 At the time of Mr. Bader's offense, the sentencing statute for community custody regarding sex offenses read:

> When a court sentences a person to the custody of the department of corrections for an offense categorized as a sex offense committed on or after June 6, 1996, the court shall, *in addition to other terms of the sentence*, sentence the offender to community custody for three years or up to the period of earned early release . . . whichever is longer. The community custody shall begin either upon completion of the term of confinement or at such time as the offender is transferred to community custody *in lieu of earned early release* in accordance with RCW 9.94A.150(1) and (2).

Former RCW 9.94A.120(10)(a) (LAWS OF 1997, ch. 340, § 2), *recodified as* RCW 9.94A.505 (LAWS OF 2001, ch. 10, § 6) and RCW 9.94A.710(1) (LAWS OF 2000, ch. 28, § 24) (emphasis added).

¶7 Mr. Bader argues on appeal[1] that the "in lieu of" provision allows him to begin serving his community custody term "in lieu of" earned early release—which essentially allows him to reduce his sentence by the three-year community custody term "in lieu of" reducing it by his earned early release time.

¶8 Former RCW 9.94A.120(10)(a) is unambiguous. The provision that the community custody begins upon

---

[1] Mr. Bader made a slightly different argument before the trial court: "[A] minimum sentence is the outer standard for a maximum sentence also, less good conduct time of course with my ERD [early release date] being August 10 of 2005, in lieu of, which would not be in addition to my sentence, it should be proclaimed that I'd be released thirty-six months prior to my ERD date." Report of Proceedings (RP) (Mar. 21, 2003) at 11; Clerk's Papers (CP) at 39.

That argument, together with his motion, is taken to mean that he believed he was entitled to release three years before his early release date. He contended that "in lieu of" meant "not . . . in addition to." RP (Mar. 21, 2003) at 11; CP at 39. Thus, he asserted, his sentence would be reduced by earned early release time *and* the three-year community custody term which would be served "not . . . in addition to" the incarceration period.

release from prison or upon transfer to community custody "in lieu of" earned early release refers to the commencement of the community custody term upon the earlier release date rather than at the end of the aggregate incarceration term ordered. As the State points out, it is to prevent unsupervised lag time between the offender's early release and the commencement of the community custody term. The same is true for the term "in lieu of earned early release" as used in the statutory definitions for "community custody"[2] and "community placement."[3] *See* former RCW 9.94A.030(4), (5) (LAWS OF 1997, ch. 365, § 1).

¶9 The statute also provides that an offender who commits a sex offense between June 6, 1996 and July 1, 2000, must, "in addition to" the other sentencing terms, be sentenced to community custody for a minimum of three years, or up to the offender's period of earned early release, whichever time period is greater. Since incarceration is another term of the sentence, the community custody period is "in addition to" the term of incarceration. To interpret the statute as suggested by Mr. Bader would make the "in addition to" portion of the statute meaningless. We do not approach statutory interpretation in that manner: " 'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.' " *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999)).

¶10 Here, due to the nature of his offense, Mr. Bader could, at a maximum, potentially earn only 15 percent of his

---

[2] Former RCW 9.94A.030(4) defines "community custody" as "that portion of an inmate's sentence of confinement in lieu of earned early release time or imposed pursuant to RCW 9.94A.120(6), (8), or (10) served in the community subject to controls placed on the inmate's movement and activities by the department of corrections."

[3] Former RCW 9.94A.030(5) defines "community placement" as "that period during which the offender is subject to the conditions of community custody and/or postrelease supervision, which begins either upon completion of the term of confinement (postrelease supervision) or at such time as the offender is transferred to community custody in lieu of earned early release. Community placement may consist of entirely community custody, entirely postrelease supervision, or a combination of the two."

102-month prison sentence as earned early release credit. *See* former RCW 9.94A.150(1) (LAWS OF 1996, ch. 199, § 2) (providing that when an offender is convicted of a class A felony sex offense after July 1, 1990, "the aggregate earned early release time may not exceed fifteen percent of the sentence"), *recodified as* RCW 9.94A.728 (LAWS OF 2001, ch. 10. § 6). Fifteen percent of 102 months is 15.3 months— which is less than the three-year minimum required by former RCW 9.94A.120(10)(a). Therefore, Mr. Bader will serve the three-year community custody term either when he finishes the 102-month sentence or upon his earlier release for earned "good time."

## CONCLUSION

¶11 Former RCW 9.94A.120(10)(a) unambiguously allows an offender like Mr. Bader to begin serving his community custody term after he has served the incarceration portion of his sentence as reduced by earned early release time, if applicable. The order denying Mr. Bader's motion for release is affirmed.

KATO, C.J., and KURTZ, J., concur.

Review denied at 155 Wn.2d 1010 (2005).