[No. 34686-9-II.   Division Two.   March 10, 2009.]

*In the Matter of the Personal Restraint of* JOSHUA DEAN SCOTT, *Petitioner.*

214

*Suzanne L. Elliott*, for petitioner.

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Hyer, Deputy*, for respondent.

¶1 QUINN-BRINTNALL, J. — Joshua D. Scott seeks relief from personal restraint after the sentencing court imposed two 60-month consecutive firearm enhancements on two counts of first degree robbery and one 36-month firearm enhancement on one count of first degree possession of stolen property. In the amended information, the State notified Scott of its intention to invoke the firearm sentence enhancement provisions of former RCW 9.94A.310 (1999). But it submitted deadly weapon special verdict forms to the jury rather than firearm enhancement special verdict forms. The jury returned the special verdict forms, finding that Scott was armed with a deadly weapon during the commission of the charged offenses. When Scott was sentenced, the law allowed the judge, rather than the jury, to enter a finding that the deadly weapon at issue was a firearm, but the sentencing court did not do so. Accordingly, the record does not support the firearm enhancement provisions of Scott's judgment and the sentence enhancement portion of Scott's judgment and sentence is invalid on its face. We grant the petition and remand with directions

to correct Scott's judgment and sentence by imposing deadly weapon enhancements in place of the firearm enhancements.

## FACTS

¶2 On September 16, 2000, Scott and Douglas James-Anderson parked a stolen Chevrolet Blazer in front of Cascade Custom Jewelers, entered the store, threatened to kill two employees with a rifle, and tied the employees' hands behind their backs.[1] Scott and James-Anderson stole about $80,000 worth of goods, including jewelry, diamonds, cash, three guns, and a wallet from a store employee's pocket. The police arrested Scott and James-Anderson shortly after they left the jewelry store, recovering two rifles and four pistols from the Blazer. Scott confessed.

¶3 The State charged Scott by amended information with two counts of first degree robbery (counts I and II), first degree unlawful possession of a firearm (count IV), first degree possession of stolen property (count V), two counts of possession of a stolen firearm (counts VI and VII), and two counts of firearm theft (counts VIII and IX). As relevant here, the amended information included the following sentencing enhancements for first degree robbery (counts I and II):

> [T]he defendant or an accomplice was armed with a deadly weapon or displayed what appeared to be a firearm or other deadly weapon, to-wit: a rifle, that being a firearm as defined in [former] RCW 9.41.010 [(1997)], and invoking the provisions of [former] RCW 9.94A.310 and adding additional time to the presumptive sentence as provided in [former] RCW 9.94A.370 [(1999)].

Suppl. Br. of Resp't App. B. The information for count V also charged that Scott possessed

---

[1] Unless otherwise noted, all facts are taken from the opinion in Scott's direct appeal, *State v. James-Anderson*, noted at 116 Wn. App. 1053, 2003 WL 1986423, 2003 Wash. App. LEXIS 693. Additionally, there are no Clerk's Papers for personal restraint petitions, so all citations to documents are to the attachments to the parties' briefs.

stolen property other than a firearm, to-wit: a 1990 Chevrolet Blazer, of a value in excess of $1,500.00, belonging to Esperanza Mattos, with intent to appropriate said property to the use of any person other than the true owner or person entitled thereto, that being a firearm as defined in [former] RCW 9.41.010, and invoking the provisions of [former] RCW 9.94A.310 and adding additional time to the presumptive sentence as provided in [former] RCW 9.94A.370.

Suppl. Br. of Resp't, App. B.

¶4 The trial court instructed the jury on deadly weapon sentencing enhancements, but it did not instruct the jury on firearm enhancements.

¶5 The jury entered guilty verdicts on counts I, II, IV, V, VI, and VII, and not guilty verdicts on counts VIII and IX. The jury also returned special verdicts for the sentencing enhancements, finding that Scott was "armed with a deadly weapon" when he committed first degree robbery (counts I and II) and first degree possession of stolen property (count V).

¶6 The sentencing court wrote on Scott's judgment and sentence, "as charged in the Amended Information[, a] special verdict/finding for use of *firearm* was returned on Count(s) I, II, V[.] RCW 9.94A.602, .510." Suppl. Br. of Resp't, App. A (emphasis added). The sentencing court imposed two 60-month firearm sentencing enhancements on counts I and II and a 36-month firearm enhancement on count V, each to run consecutively.

¶7 Scott filed a direct appeal with this court, arguing in part that count V of the amended information did not give him adequate notice of a firearm enhancement because it omitted the critical words "and in the commission thereof the defendant was armed with a firearm, to wit: a rifle." *James-Anderson*, 2003 WL 1986423, at *9, 2003 Wash. App. LEXIS 693, at *26. We applied the *Kjorsvik*[2] test for post-verdict challenges to the sufficiency of an information and held that the information was sufficient to notify Scott

---

[2] *State v. Kjorsvik*, 117 Wn.2d 93, 108-09, 812 P.2d 86 (1991).

of a firearm enhancement. *James-Anderson*, 2003 WL 1986423, at *10, 2003 Wash. App. LEXIS 693, at *27. We also reversed Scott's convictions for possession of stolen firearms (counts VI and VII) because the evidence was insufficient to support the element that Scott knew the firearms in the Blazer were stolen. *James-Anderson*, 2003 WL 1986423, at *10, 2003 Wash. App. LEXIS 693, at *29.

¶8 Scott was resentenced on April 9, 2004, and did not appeal that judgment and sentence. He filed this personal restraint petition (PRP) over two years later, on April 11, 2006.

## ANALYSIS

PRP Standards

¶9 As a threshold matter, we note that a personal restraint petitioner may not renew an issue that was raised and rejected on direct appeal unless the interests of justice require relitigation of that issue. *In re Pers. Restraint of Taylor*, 105 Wn.2d 683, 688, 717 P.2d 755 (1986). On direct appeal, Scott argued that count V of the amended information did not give him adequate notice of a firearm enhancement because it omitted the critical words "and in the commission thereof the defendant was armed with a firearm, to wit: a rifle." *James-Anderson*, 2003 WL 1986423, at *9, 2003 Wash. App. LEXIS 693, at *26. We held that the information was sufficient to charge a firearm enhancement. *James-Anderson*, 2003 WL 1986423, at *10, 2003 Wash. App. LEXIS 693, at *27. We did not decide the issue before us here, whether the judgment and sentence misstated the jury's verdict. Accordingly, the prior direct appeal which addressed a substantially different issue, does not preclude the relief from the erroneous firearm enhancement on count V requested here. *See In re Taylor*, 105 Wn.2d at 688.

¶10 The petitioner may raise new issues, including both errors of constitutional magnitude that result in actual and substantial prejudice and nonconstitutional errors that

constitute "a fundamental defect which inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 812, 792 P.2d 506 (1990); *In re Pers. Restraint of Mercer*, 108 Wn.2d 714, 721, 741 P.2d 559 (1987); *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 87, 660 P.2d 263 (1983). Regardless of whether the petitioner bases his challenges on constitutional or nonconstitutional error, he must support his petition with facts or evidence on which his claims of unlawful restraint are based and not rely solely on conclusory allegations. *In re Cook*, 114 Wn.2d at 813-14.

TIMELINESS OF SCOTT'S PRP

■■ ¶11 We must also determine whether Scott's PRP is timely.

¶12 RCW 10.73.090(1) provides:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

A PRP is a collateral attack on a judgment. RCW 10.73-.090(2). Scott's judgment and sentence became final on April 9, 2004, when his judgment was filed upon resentencing. *See* RCW 10.73.090(3)(a). Accordingly, when Scott filed the present petition on April 11, 2006, more than one year had elapsed and we cannot review petitioner's claims unless either (1) the time bar does not apply because his judgment and sentence is facially invalid, (2) the judgment and sentence was not rendered by a court of competent jurisdiction, or (3) one or more of the six exceptions to the time bar enumerated in RCW 10.73.100[3] applies. We hold that the

---

[3] RCW 10.73.100 provides:

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

220

time bar does not operate here because Scott's judgment and sentence is facially invalid.

¶13 Either a constitutional or nonconstitutional error can render a judgment and sentence facially invalid under RCW 10.73.090. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). A judgment and sentence is facially invalid if it evidences the invalidity without further elaboration. *Goodwin*, 146 Wn.2d at 866. But courts may look at documents other than the judgment and sentence, including charging documents and verdict forms, to determine facial invalidity. *See In re Pers. Restraint of Richey*, 162 Wn.2d 865, 870-72, 175 P.3d 585 (2008); *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532, 55 P.3d 615 (2002).

¶14 Here, the jury was instructed on deadly weapon sentencing enhancements and returned special verdicts finding that Scott was "armed with a deadly weapon" when he committed the crimes. Scott's judgment and sentence misstates the jury's special verdict by (1) stating that the jury found that Scott was armed with a firearm (rather than a deadly weapon) when he committed the crimes and (2) imposing firearm enhancements without a jury or judicial finding that Scott was armed with a firearm. Accordingly, RCW 10.73.090 does not bar Scott's petition because the judgment and sentence evidences, without further elaboration, that firearm enhancements were imposed on deadly weapon special verdicts and, thus, the judgment and

---

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

sentence is facially invalid. *State v. Recuenco*, 163 Wn.2d 428, 439, 180 P.3d 1276 (2008) (sentencing court commits error by imposing a sentence that the jury's verdict does not authorize).

¶15 We note that when Scott was sentenced, case law allowed a trial court to impose a firearm enhancement on a jury's deadly weapon special verdict. *See, e.g.*, *State v. Meggyesy*, 90 Wn. App. 693, 958 P.2d 319, *review denied*, 136 Wn.2d 1028 (1998), *abrogated by State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005), *aff'd*, 163 Wn.2d 428; *State v. Rai*, 97 Wn. App. 307, 310-11, 983 P.2d 712 (1999), *abrogated by Recuenco*, 154 Wn.2d 156; *State v. Olney*, 97 Wn. App. 913, 987 P.2d 662 (1999), *abrogated by Recuenco*, 154 Wn.2d 156. In the relevant cases, the trial court, rather than the jury, found that the deadly weapon that the jury had found the defendant used in the crime was in fact a firearm.[4] *Meggyesy*, 90 Wn. App. at 709 ("if the deadly weapon finding is a sentencing factor, the sentencing court may make the required [firearm] finding"); *Rai*, 97 Wn. App. at 311 (upon deadly weapon special verdict, sentencing court judge is *required* to make independent finding regarding whether the weapon was a firearm); *Olney*, 97 Wn. App. at 918-19 (sentencing court is allowed to make factual finding of firearm). But courts have long been required to memorialize their factual findings in a written document. *See* RCW 10.46.070; CR 52(a); *State v. Wilks*, 70 Wn.2d 626, 628-29, 424 P.2d 663 (1967).

¶16 Here, the sentencing court did not enter a finding that the weapon Scott used was a firearm. Instead, the court's notation on the judgment and sentence indicated that it believed the jury had made such a finding. The trial

---

[4] Although such judicial fact finding is now prohibited under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and its progeny, that case law does not apply retroactively to cases that were final when *Blakely* was decided. *State v. Evans*, 154 Wn.2d 438, 457, 114 P.3d 627, *cert. denied*, 546 U.S. 983 (2005). Scott's judgment and sentence became final on April 9, 2004, when his judgment was filed upon resentencing. The United States Supreme Court decided *Blakely* on June 24, 2004, two months after Scott's case was final and, therefore, *Blakely* does not apply retroactively to Scott's collateral review. *See Evans*, 154 Wn.2d at 457.

court wrote on Scott's judgment and sentence "as charged in the Amended Information[, a] special verdict/finding for use of firearm was returned on Count(s) I, II, V[.] RCW 9.94A.602, .510." Suppl. Br. of Resp't, App. A. This notation misstates the jury's verdict, in which it found only that Scott was armed with a deadly weapon. Other sections of the judgment and sentence clarify that "the court finds" other facts and that the court, if it found reasons justifying an exceptional sentence, would attach written findings of fact and conclusions of law.

¶17 Although on April 9, 2004, the date Scott was resentenced, the sentencing court could have found that Scott was armed with a firearm, it did not do so. Instead, the judgment and sentence misrepresents the jury's special verdict. This error is contrary to the jury's verdict and renders the judgment and sentence facially invalid. *State v. Robinson*, 104 Wn. App. 657, 664, 17 P.3d 653 (holding judgment and sentence valid on its face in light of similar challenge because the judgment and sentence following a guilty plea "states that the court made a finding on the deadly weapon enhancement"), *review denied*, 145 Wn.2d 1002 (2001).

¶18 Accordingly, we vacate Scott's judgment and sentence and remand to the trial court with directions that it correct the erroneous firearm enhancements. The resentencing court shall impose the deadly weapon enhancements that the jury's special verdicts authorized and strike the firearm enhancements the trial court erroneously imposed.[5]

---

[5] On counts I and II, Scott was sentenced to two 60-month firearm enhancements, which should be replaced with two 24-month deadly weapon enhancements. Former RCW 9.94A.310(4)(a). On count V, Scott was sentenced to a 36-month firearm enhancement, which should be replaced with a 12-month deadly weapon enhancement. Former RCW 9.94A.310(4)(b). All deadly weapon enhancements must run consecutively. Former RCW 9.94A.310(4)(e). Further, the firearm sentencing enhancements were "served in total confinement," meaning that Scott was not eligible for good time while he served them. Former RCW 9.94A.310(3)(e). We leave it to the parties and the Department of Corrections to resolve whether Scott's good time should be reassessed in light of the erroneous sentence. We also note that, because this opinion vacates Scott's prior judgment and sentence, *Blakely* and its progeny apply at resentencing and, therefore, the

¶19 Petition granted.

PENOYAR, A.C.J., and ARMSTRONG, J., concur.

Review granted at 168 Wn.2d 1010 (2010).

---

resentencing court may not employ judicial fact finding in order to sentence Scott to firearm enhancements. *See Evans,* 154 Wn.2d at 457.