110 P.3d 188 (2005)
154 Wash.2d 156
STATE of Washington, Respondent,
v.
Arturo R. RECUENCO, Petitioner.
No. 74964-7.
Supreme Court of Washington, En Banc.
Argued November 9, 2004.
Decided April 14, 2005.
*189 Gregory Charles Link, Washington Appellate Project, Rita Joan Griffith, Seattle, for Petitioner.
James Morrissey Whisman, King County Prosecutor's Office, Seattle, for Respondent.
James Elliot Lobsenz, Carney Badley Spellman, Seattle, for Amicus Curiae Wash. Ass'n of Criminal Defense Lawyers.
FAIRHURST, J.
¶ 1 Arturo Recuenco was charged with second degree assault with a deadly weapon enhancement because he assaulted his wife while holding a gun. At trial, the jury returned a guilty verdict on the assault charge and a special verdict that Recuenco was armed with a deadly weapon. But the trial court imposed a sentence enhancement based on Recuenco's being armed with a firearm, which was greater than that for a deadly weapon. This court granted review to consider whether imposition of a firearm enhancement without a jury finding that Recuenco was armed with a firearm beyond a reasonable doubt violated Recuenco's Sixth Amendment right to a jury trial as defined by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny. As per our reasoning in State v. Hughes, No. 74147-6, 154 Wash.2d 118, 110 P.3d 192, 2005 WL 851137 (Wash. April 14, 2005), we hold that the trial court's imposition of the firearm enhancement violated Recuenco's Sixth Amendment right to a jury trial. We reverse the Court of Appeals, vacate Recuenco's sentence, and remand for resentencing based on the one-year deadly weapon enhancement supported by the jury's special verdict.

I. FACTUAL AND PROCEDURAL HISTORY
¶ 2 Based on allegations that Recuenco became upset with his wife for not cooking for his relatives, smashed their stove, and threatened her with a gun, the King County prosecutor charged Recuenco with second degree assault, interfering with domestic violence reporting, and third degree malicious mischief. The information further charged Recuenco with "being armed with a deadly weapon, to-wit: a handgun, under the authority of RCW 9.94A.125 and 9.94A.310."[1] Clerk's Papers (CP) at 159.
¶ 3 The trial court submitted the following special verdict form to the jury: "Was the defendant ARTURO R. RECUENCO armed with a deadly weapon at the time of the commission of the crime of Assault in the Second Degree?" CP at 237. Defense counsel did not object to that special verdict form; in fact, he proposed an identical one. And *190 the prosecutor never requested use of a special verdict form regarding the presence of a firearm. To the contrary, when defense counsel argued that the definition of firearm should have been submitted to the jury to explain the deadly weapon definition, the prosecutor explicitly stated, "[t]he method under which the state is alleging and the jury found the assaults committed was by use of a deadly weapon." 11 Verbatim Report of Proceedings (RP) at 909. The prosecutor further stated, "in the crime charged and the enhancement the state alleged, there is no elements [sic] of a firearm. The element is assault with a deadly weapon." 11 RP at 910.
¶ 4 The jury convicted Recuenco of second degree assault, interfering with domestic violence reporting, and third degree malicious mischief. The jury also returned a special verdict that Recuenco had been armed with a deadly weapon. The jury was not asked to, and therefore did not, return a special verdict that Recuenco committed the assault while armed with a firearm.
¶ 5 The standard range sentence for count I, the assault, was three to nine months. The deadly weapon enhancement would have added one mandatory year, while a firearm enhancement would have added three mandatory years. RCW 9.94A.533(3)(b), (4)(b).
¶ 6 At the sentencing hearing, the prosecutor requested the low end of the standard range sentence for count I: 3 months, with a 36-month enhancement for use of a firearm. The prosecutor further requested that the court suspend time on the other two counts. Defense counsel agreed with a base sentence at the low end of the standard range for count I, but refuted the proposed 36-month enhancement, arguing that the prosecutor would have had to allege and prove that Recuenco was armed with a firearm, and that the jury would have had to return a firearm special verdict. The court imposed a 39-month sentence for the assault conviction, including 36 months for being armed with a firearm, reasoning that it had "no discretion but to impose the statutorily mandated term with regard to the deadly weapon enhancement." 11 RP at 928. The court further imposed 1 year and 90 days for counts II and III but suspended those sentences.
¶ 7 Recuenco appealed his conviction and sentence arguing, among other things, that he was deprived of due process because a firearm enhancement was imposed without notice, proof beyond a reasonable doubt, and a jury finding. In an unpublished opinion, the Court of Appeals found against Recuenco on each issue and held that even if the failure of the jury's finding a firearm deprived Recuenco of his right to a jury trial as defined by Apprendi (which it assumed without deciding), any error was harmless. See State v. Recuenco, noted at 117 Wash.App. 1079, 2003 WL 21738927, at *5.
¶ 8 Recuenco petitioned this court for discretionary review. The United States Supreme Court subsequently decided Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which Recuenco submitted as additional authority. We granted review as to the Apprendi/Blakely issues only. State v. Recuenco, 152 Wash.2d 1001, 101 P.3d 865 (2004).

II. ISSUES
1. Did the trial court's firearm sentence enhancement violate Recuenco's Sixth Amendment right as defined by Apprendi and Blakely when the jury only explicitly found facts supporting a deadly weapon enhancement?
2. If so, was the error invited?
3. If there was error and it was uninvited, can it be deemed harmless?

III. ANALYSIS
¶ 9 In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. This court subsequently interpreted that decision to hold that statutory maximum meant the absolute maximum sentence provided by the legislature for an offense, not the maximum sentence allowed by the jury's findings. State v. Gore, 143 Wash.2d 288, 313-15, 21 *191 P.3d 262 (2001) (citing Apprendi, 530 U.S. at 481, 120 S.Ct. 2348; McMillan v. Pennsylvania, 477 U.S. 79, 92, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)). The United States Supreme Court corrected our interpretation recently in Blakely by holding that the statutory maximum referenced in Apprendi "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537 (citing Ring v. Arizona, 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)). We considered Blakely's implications on our sentencing enhancement provisions for the first time in State v. Hughes. In Hughes we concluded that (1) Blakely did not invalidate our exceptional sentence provisions, (2) Blakely violations may never be deemed harmless, and (3) in the absence of legislative direction, cases reversed for Blakely violations will be remanded for resentencing based on only the original jury verdict. We apply that reasoning here and consider additionally whether Recuenco invited the asserted Blakely violation.

A. Did Imposition of the Firearm Enhancement Violate Recuenco's Sixth Amendment Jury Trial Right as Defined by Blakely?

¶ 10 The jury did not explicitly find beyond a reasonable doubt that Recuenco committed assault with a firearm; it found only the use of a deadly weapon. Without an explicit firearm finding by the jury, the court's imposition of a firearm sentence enhancement violated Recuenco's jury trial right as defined by Apprendi and Blakely Recuenco's sentence was greater than that allowed solely based on the facts found by the jury.[2] The State concedes the existence of a Blakely Sixth Amendment violation, stating that its previous argument that the judge's imposition of the firearm enhancement was not subject to Apprendi was "no longer tenable" following Blakely and that Recuenco was "entitled" to a jury finding that "he was armed with a firearm." Resp't's Supp. Br. at 7-8, 10-11. But the State argues the violation does not require vacation of his sentence because (1) Recuenco invited the error by proposing the special verdict form he now challenges and (2) the error was harmless.

B. Did Recuenco Invite the Blakely Error?
¶ 11 The Court of Appeals opinion stated in a footnote that it "appeared" that Recuenco had invited the error at issue because he had proposed the special verdict form the court used asking the jury only to find the existence of a deadly weapon, not specifically a firearm. Recuenco, 117 Wash. App. 1079, 2003 WL 21738927, at *5 n. 33 (citing City of Seattle v. Patu, 147 Wash.2d 717, 720, 58 P.3d 273 (2002) and stating that if "defendants propose erroneous instructions that do not include all elements of a crime, but do not attempt to add a remedial instruction, they invite the error and cannot complain on appeal."). The State adopts the Court of Appeals' reasoning in its argument asserting that Recuenco cannot now challenge the special verdict form because he proposed it.
¶ 12 The invited error doctrine prevents parties from benefiting from an error they caused at trial regardless of whether it was done intentionally or unintentionally. See Patu, 147 Wash.2d at 720, 58 P.3d 273. The doctrine has been applied to errors of constitutional magnitude, including where an offense element was omitted from the "to convict instruction." Id. (citing State v. Studd, 137 Wash.2d 533, 547, 973 P.2d 1049 (1999); State v. Henderson, 114 Wash.2d 867, 869, 792 P.2d 514 (1990)).
¶ 13 Both the Court of Appeals and the State misinterpret the alleged error here. Recuenco did not and does not assert that the special verdict form asking the jury to find the presence of a deadly weapon was error. Indeed, he proposed that instruction because he believed and continues to believe *192 that it was the correct instruction for the charge of second degree assault with a deadly weapon enhancement. Instead, Recuenco claims that the judge's imposition of the firearm enhancement without the jury's finding the existence of a firearm was an error violating his due process and jury trial rights. Moreover, he objected to that error at trial. The error asserted was not invited.

C. Can the Error be Deemed Harmless?
¶ 14 In Hughes, this court considered the applicability of harmless error analysis to Blakely Sixth Amendment violations and held that such violations can never be deemed harmless because to do so would be to speculate on the absence of jury findings. See Hughes, 154 Wash.2d 118, 110 P.3d 192. Given this decision, we reverse the Court of Appeals and hold that the violation was not harmless.

IV. CONCLUSION
¶ 15 The imposition of a firearm enhancement that was not supported by the jury's special verdict violated Recuenco's Sixth Amendment jury trial right as defined by Apprendi and Blakely. That error was neither invited nor harmless.[3] We reverse the Court of Appeals and vacate Recuenco's sentence. Because we held in Hughes that we would not imply a procedure by which a jury can find sentencing enhancements on remand, we remand for resentencing based solely on the deadly weapon enhancement which is supported by the jury's special verdict. See Hughes, 154 Wash.2d 118, 110 P.3d 192.
WE CONCUR: ALEXANDER, C.J., C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, JJ., and IRELAND, J.P.T.
NOTES
[1] These provisions have been recodified as RCW 9.94A.602 and RCW 9.94A.533 respectively. For simplicity, the current versions are used in this analysis.
[2] Cases that allowed judges to impose firearm enhancements where juries found only the presence of deadly weapons are no longer good law in light of Blakely. See, e.g., State v. Meggyesy, 90 Wash.App. 693, 958 P.2d 319, review denied, 136 Wash.2d 1028, 972 P.2d 465 (1998); State v. Rai, 97 Wash.App. 307, 983 P.2d 712 (1999); State v. Olney, 97 Wash.App. 913, 987 P.2d 662 (1999).
[3] Given our decision, we do not address additional arguments Recuenco makes in support of vacation of his sentence.