126 P.3d 66 (2006)
131 Wash.App. 119
STATE of Washington, Respondent,
v.
Tony PHARR, Appellant.
No. 53377-1-I.
Court of Appeals of Washington, Division 1.
January 9, 2006.
*67 Gregory Charles Link, Attorney at Law, Washington Appellate Project, Seattle, WA, for Appellant.
Prosecuting Atty. King County, King Co. Pros./App. Unit Supervisor, Catherine Marie McDowall, King County Prosecutor's Office, Seattle, WA, for Respondent.

PUBLISHED IN PART
ELLINGTON, J.
¶ 1 Tony Pharr was convicted of first degree manslaughter and unlawful possession of a firearm. Pharr asserts the imposition of a five-year firearm enhancement violated his right to jury trial under the Sixth Amendment because in its special verdict, the jury found only that he was armed with a deadly weapon. He also appeals certain trial rulings. We find no Blakely[1] error, because the jury instructions provided that only proof of a firearm would support the special verdict. We also find no merit in Pharr's remaining contentions, and therefore affirm.

BACKGROUND
¶ 2 In the early morning hours of August 13, 2002, police officers responding to a 911 call in downtown Seattle found the body of Phillip Griffin, who had been fatally shot. Multiple witnesses identified Tony Pharr as the shooter.
¶ 3 When the police arrested Pharr, he admitted that he shot Griffin, first claiming he acted in self-defense, and then saying the shooting was an accident. Pharr told police Griffin had threatened him when they were in jail together previously. In two later recorded statements, Pharr claimed Griffin had said there would be a gunfight and had reached into a bag as if to grab a gun; Pharr claimed his own gun fired when he pulled it out to scare Griffin.
¶ 4 Pharr was charged with second degree murder and unlawful possession of a firearm. His statements were admitted against him; he did not testify. Pharr's theory was self-defense. During the State's case in chief, Detective Dudik, the investigating officer, testified that he showed a photomontage to an eyewitness, Edward Denet, who pointed to Pharr's photo and said, "Boom, that's your shooter right there."[2] Denet did not testify at trial. The court admitted Denet's statement to Dudik as a statement of identification under ER 801(d)(iii).
*68 ¶ 5 The jury convicted Pharr of first degree manslaughter and unlawful possession of a firearm. The jury also returned a special verdict, answering "yes" to the question of whether Pharr was armed with a deadly weapon during commission of the crime. The instructions required that for an affirmative answer on the special verdict form, the jury had to find that Pharr was armed with a firearm.
¶ 6 Pharr was sentenced to concurrent sentences of 245 months for the manslaughter conviction and 116 months for unlawful possession of a firearm, and a 60-month firearm enhancement.
¶ 7 After Pharr's trial, the United States Supreme Court decided Blakely v. Washington,[3] holding that all facts that increase the maximum allowable sentence must be found by a jury. Pharr's appeal was then stayed pending the Washington Supreme Court's decision in State v. Recuenco,[4] which determined Blakely's impact on firearm enhancements imposed without specific firearm findings.

DISCUSSION
¶ 8 Blakely Violation. The United States Supreme Court held in Blakely that under the Sixth Amendment, any fact that increases the penalty beyond the maximum a judge may impose without that fact must be submitted to a jury and proved beyond a reasonable doubt.[5] Thus, the right to jury trial is violated when a sentence is based on facts found only by the judge.[6]
¶ 9 Pharr points out that in its special verdict here, the jury answered "yes" to the question whether he was armed with a deadly weapon. Because a deadly weapon finding is insufficient to support a firearm enhancement, he argues that the court violated his rights as defined by Apprendi v. New Jersey[7] and Blakely.
¶ 10 In Recuenco, the Washington Supreme Court considered a similar question. Recuenco was convicted of second degree assault for threatening his wife with a gun. The jury returned a special verdict finding that Recuenco had been armed with a deadly weapon at the time he committed the crime.[8] The jury was instructed that to answer the special verdict affirmatively, the State had to "prove beyond a reasonable doubt that the defendant was armed with a deadly weapon at the time of commission of [the crime]."[9] Because the evidence showed that Recuenco used a firearm, the trial court imposed a three-year firearm enhancement, rather than a one-year deadly weapon enhancement.[10] The Supreme Court reversed, holding that "[w]ithout an explicit firearm finding by the jury, the court's imposition of a firearm sentence enhancement violated Recuenco's jury trial right as defined by Apprendi and Blakely  Recuenco's sentence was greater than that allowed solely based on the facts found by the jury."[11]
¶ 11 Pharr asserts that Recuenco controls here and compels vacation of the firearm enhancement. But in Recuenco, the jury was instructed only that the State must prove Recuenco was armed with a deadly weapon. Here, the jury was instructed *69 that to return an affirmative finding in the special verdict, it had to find that Pharr was armed with a firearm:
For the purposes of a special verdict, the State must prove beyond a reasonable doubt that the defendant was armed with a firearm at the time of the commission of the crime.
A firearm is a weapon or a device from which a projectile may be fired by an explosive such as gunpowder.[12]
¶ 12 The question presented is whether this difference in the instructions compels a result different from that in Recuenco. We hold it does. Pharr chiefly relies upon the Recuenco court's reference to the lack of "an explicit firearm finding."[13] Pharr contends that because the verdict form itself did not contain the word "firearm," the jury's finding is constitutionally inadequate to support the enhancement.
¶ 13 Pharr's argument elevates form over substance. Recuenco is an application of Blakely. Blakely directs that the judge's sentencing authority is limited to "the facts reflected in the jury verdict."[14] The jury is presumed to follow the instructions given.[15] Thus, verdicts incorporate the instructions on which they are grounded, and reflect the facts required to be found as a basis for decision. This jury was required, in order to return the deadly weapon special verdict, to find that Pharr was armed with a firearm. While the terminology in the verdict form was imprecise, the instruction applicable to the special verdict leaves no room for debate: the jury found that Pharr was armed with a firearm.
¶ 14 Pharr contends that in so concluding, we violate the principle set forth in Recuenco that judges may not infer facts not expressly found by the jury. But we draw no inferences here. Under the instructions given, the jury could not have returned its special verdict without finding that beyond a reasonable doubt, Pharr was armed with a firearm. In Blakely's words, the verdict "reflects" a firearm finding. It therefore supports the sentence.
¶ 15 The jury's special verdict, read in light of the instructions, constitutes a specific finding that the State met its burden to show beyond a reasonable doubt that Pharr was armed with a firearm.[16] No Blakely violation occurred.
¶ 16 In the remainder of this opinion, which will not be published,[17] we reject Pharr's other arguments and affirm.
WE CONCUR: APPELWICK, A.C.J., and COX, C.J.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] Report of Proceedings (July 15, 2003) at 93.
[3] 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[4] 154 Wash.2d 156, 164, 110 P.3d 188 (2005), cert. granted, ___ U.S. ___, 126 S.Ct. 478, 163 L.Ed.2d 362 (U.S.2005).
[5] Blakely, 542 U.S. at 303, 124 S.Ct. 2531.
[6] Id. at 304, 124 S.Ct. 2531.
[7] 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[8] 154 Wash.2d at 159-60, 110 P.3d 188.
[9] Supp. Br. of Resp. at 4 (emphasis added).
[10] Recuenco, 154 Wash.2d at 160, 110 P.3d 188 (citing RCW 9.94A.533(3)(b), 4(b)).
[11] Id. at 162, 110 P.3d 188. In Apprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. In Blakely, the court clarified that the statutory maximum referenced in Apprendi "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S.Ct. at 2537.
[12] Clerk's Papers at 93.
[13] Recuenco, 154 Wash.2d at 162, 110 P.3d 188.
[14] Blakely, 542 U.S. at 303, 124 S.Ct. 2531; see also Recuenco, 154 Wash.2d at 162, 110 P.3d 188.
[15] State v. Lord, 117 Wash.2d 829, 861, 822 P.2d 177 (1991).
[16] Pharr asserts that to read the verdict form in light of the instructions is an exercise in harmless error analysis. Pharr is incorrect. First, there was imprecision, not error. Second, interpreting the verdict in light of the facts and law of the case does not invoke speculation or involve questions of possible prejudice.
[17] See RCW 2.06.040.