**Ricardo ESTUPINAN, Appellant**

v.

**John NASH, Warden, FCI Fort Dix, New Jersey.**

No. 06–1379.

United States Court of Appeals, Third Circuit.

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 June 2, 2006.

Filed:  June 30, 2006.

Ricardo Estupinan, Fort Dix, NJ, pro se.

George S. Leone, Office of United States Attorney, Newark, NJ, for John Nash.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant, Ricardo Estupinan, appeals the order of the United States District Court for the District of New Jersey dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the judgment of the district court.

Estupinan is a federal prisoner incarcerated at FCI–Fort Dix. In 1988, the United States District Court for the District of Puerto Rico sentenced Estupinan to 360 months imprisonment after his conviction for possession with intent to distribute a controlled substance and aiding and abetting. The United States Court of Appeals for the First Circuit affirmed Estupinan's conviction and sentence. In December 1995, Estupinan filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the sentencing court denied.

On October 11, 2005, Estupinan filed the current habeas corpus petition under 28 U.S.C. § 2241 in the District of New Jersey. He alleges three claims, but at the crux of all his claims is the legal argument that the district court's enhancement of his sentence by two levels (from offense level 36 to 38) violates *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He admits that he cannot meet AEDPA's strict gatekeeping requirements for filing a second or successive motion under § 2255, but argues that § 2255 therefore provides an "inadequate or ineffective" remedy for relief on his *Booker* claim and that he should be permitted to proceed under § 2241. *See In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997).

The district court found that Estupinan's petition challenging his conviction and sentence properly would fall under § 2255, and explained that § 2255 is not rendered inadequate or ineffective merely by the petitioner's inability to meet the stringent requirements for filing a second or successive § 2255 motion. Accordingly, the district court dismissed the § 2241 petition for lack of jurisdiction. Estupinan timely appealed.

Summary action is warranted when "no substantial question" is presented by the appeal. *See* 3d Cir. LAR 27.4; *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 539 (3d Cir.2002). After reviewing the record, we conclude that there is no substantial question presented and will summarily affirm.

We agree with the district court that Estupinan's claims fall within the purview of § 2255. A federal prisoner's challenge to the legality of his conviction and sentence must be raised in a § 2255 mo-

198

tion, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255. *See In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir.1997). The "safety-valve" of § 2255 is extremely narrow, and we have held that it applies in unusual situations, such as when a prisoner has had no opportunity to challenge his conviction for a crime that is later deemed not to be a crime by an intervening change in the law. *See id.; Okereke v. United States,* 307 F.3d 117, 120–21 (3d Cir.2002). We have held that § 2255 is not "inadequate or ineffective" for prisoners seeking to raise an *Apprendi* claim in a § 2241 proceeding. *Id.* Like *Apprendi, Booker* did not change the substantive law as to the elements of the offense for which Estupinan was convicted. Although he may face substantive and procedural hurdles in presenting his claims in a § 2255 motion, that alone does not render a § 2255 motion an "inadequate or ineffective" remedy. *See Okereke,* 307 F.3d at 120–21. The district court thus properly determined that Estupinan could not raise his claims in a § 2241 petition and that it lacked jurisdiction to consider Estupinan's petition under § 2255, as it was not the sentencing court. *See In re Dorsainvil,* 119 F.3d at 249.[1]

For the foregoing reasons, we will summarily affirm the judgment of the district court.

---

**1.** Estupinan's citation to *Washington v. Recuenco,* 154 Wash.2d 156, 110 P.3d 188 (2005) *cert. granted,* —— U.S. ——, 126 S.Ct. 478, 163 L.Ed.2d 362 (2005), does not give us pause in taking summary action in this case. The Supreme Court's ultimate determination of what standard of review applies when reviewing errors under *Apprendi* and *Blakely* would have no bearing on our conclusion here that the district court lacked jurisdiction over Estupinan's petition.