195 P.3d 578 (2008)
STATE of Washington, Respondent,
v.
Dione J. WILLIAMS, Appellant.
No. 23124-1-III.
Court of Appeals of Washington, Division 3.
November 13, 2008.
Andrew J. Metts, III, Spokane County Pros. Offc., Spokane, WA, for Respondent.
David N. Gasch, Gasch Law Office, Spokane, WA, for Appellant.
SWEENEY, J.
¶ 1 Our state Supreme Court has concluded that, where a jury has found a defendant was armed with a deadly weapon rather than a firearm, the court may impose only the statutory deadly weapon enhancement on the defendant's sentence. State v. Recuenco, 154 Wash.2d 156, 164, 110 P.3d 188 (2005) (Recuenco I), rev'd & remanded, Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). Our Supreme Court later held on remand that imposing a firearm enhancement after a deadly weapon finding is an error than cannot be harmless. State v. Recuenco, 163 Wash.2d 428, 442, 180 P.3d 1276 (2008) (Recuenco II). Here, as in Recuenco, the jury found that the defendant was armed with a deadly weapon, rather *579 than a firearm. Accordingly, we again conclude that the sentencing judge was without authority to impose firearm enhancements. We remand for resentencing.

FACTS
¶ 2 Dione J. Williams and his friends planned to rob Arren Cole. One friend lured Mr. Cole into an alley late at night. Mr. Williams then attempted to rob Mr. Cole at gunpoint. He shot Mr. Cole in the back as Mr. Cole tried to flee and killed him.
¶ 3 The State charged Mr. Williams with one count of conspiracy to commit first degree robbery (count III), attempted first degree robbery (count IV), and first degree (felony) murder (count V). Clerk's Papers (CP) at 14. It also alleged that Mr. Williams was armed with a firearm on counts III, IV, and V. But the special verdicts on these three counts asked the jury to decide only whether Mr. Williams had been armed with a deadly weapon.
¶ 4 The jury found Mr. Williams guilty of all charges. It also found that Mr. Williams had been armed with a deadly weapon when he committed counts III, IV, and V. The court, however, imposed firearm sentence enhancements for counts III, IV, and V. Mr. Williams appealed.
¶ 5 We affirmed Mr. Williams' convictions on counts III and V, reversed his conviction on count IV, and remanded for resentencing because the verdict supported the lesser deadly weapon enhancement, not the greater firearm enhancement. State v. Williams, 131 Wash.App. 488, 500-01, 128 P.3d 98, review granted, 158 Wash.2d 1006, 143 P.3d 596 (2006). The decision to remand for resentencing was based on Recuenco I. In Recuenco I, the Washington State Supreme Court concluded that the harmless error doctrine did not apply to Sixth Amendment Blakely[1] violations involving sentence enhancements. Recuenco I, 154 Wash.2d at 164, 110 P.3d 188.
¶ 6 The State petitioned the Washington State Supreme Court to review our decision. The state Supreme Court granted the petition and remanded Williams back to this court to reconsider in light of the United States Supreme Court decision in Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466. State v. Williams, noted at 158 Wash.2d 1006, 143 P.3d 596 (2006).
¶ 7 In Washington v. Recuenco, the United States Supreme Court held that the harmless error analysis could apply to a Sixth Amendment Blakely violation. Washington v. Recuenco, 548 U.S. at 217-18, 126 S.Ct. 2546. It remanded Recuenco I to the Washington State Supreme Court to determine whether the Blakely error there was harmless. Washington v. Recuenco, 548 U.S. at 218 n. 1, 222, 126 S.Ct. 2546.
¶ 8 We stayed our reconsideration of Williams pending the Washington State Supreme Court's decision on remand in Recuenco I. Our state Supreme Court has since decided that the harmless error doctrine did not apply to the error in Recuenco I. Recuenco II, 163 Wash.2d at 442, 180 P.3d 1276.

DISCUSSION
¶ 9 The question for us on remand is whether the trial court's imposition of a firearm sentence enhancement on three of Mr. Williams' convictions is harmless.
¶ 10 Mr. Williams argues that the trial court's error is not harmless because the jury's special finding that he was armed with a deadly weapon did not support a firearm enhancement. He maintains that the trial court exceeded its authority under Blakely when it imposed the greater firearm enhancements instead of the lesser deadly weapon enhancements. The State contends that the sentencing error here is harmless because the only deadly weapon evidence presented at trial was evidence of a firearm. It asserts that the jury's special verdicts and the sentence enhancements were necessarily based on that evidence.
¶ 11 We concluded in our original opinion that "a sentencing enhancement for a firearm requires a jury finding of a firearm; a deadly weapon finding is not enough." Williams, 131 Wash.App. at 500, 128 P.3d 98. We declined to hold that the sentencing error *580 was harmless because the Washington State Supreme Court had already concluded that the harmless error doctrine does not apply where a jury does not find the facts necessary to support a sentence enhancement. Id. (citing Recuenco I, 154 Wash.2d at 160, 110 P.3d 188).
¶ 12 The United States Supreme Court reversed Washington's Recuenco I decision, holding that the harmless error doctrine applies to sentence enhancements. Washington v. Recuenco, 548 U.S. at 218, 126 S.Ct. 2546. On remand, however, our state Supreme Court concluded again that the sentencing error in Recuenco could not be harmless:
Recuenco was charged with assault with a deadly weapon enhancement, and he was convicted of assault with a deadly weapon enhancement, but he was erroneously sentenced with a firearm enhancement. We conclude it can never be harmless to sentence someone for a crime not charged, not sought at trial, and not found by a jury. In this situation, harmless error analysis does not apply.
Recuenco II, 163 Wash.2d at 442, 180 P.3d 1276.
¶ 13 In Recuenco II, the State charged the defendant "with second degree assault with a deadly weapon, a special verdict form was submitted regarding a deadly weapon finding, and the jury found guilt as to the properly submitted sentencing enhancement of `deadly weapon.'" Id. at 441, 180 P.3d 1276. The trial court, nonetheless, imposed firearm enhancements. Id. at 432, 180 P.3d 1276.
¶ 14 Here, the State properly alleged that Mr. Williams was armed with a firearm on counts III, IV, and V. But it, nonetheless, won convictions based on three deadly weapon special verdicts. Accordingly, the jury found that Mr. Williams was only "armed with a deadly weapon at the time of the commission of the crime" in counts III, IV, and V, not a firearm. CP at 153-55. The trial court, nonetheless, imposed firearm enhancements.
¶ 15 Certainly, based on the facts of this case and the United States Supreme Court ruling, the doctrine of harmless error would seem to apply. Washington v. Recuenco, 548 U.S. at 218, 126 S.Ct. 2546. But the Washington State Supreme Court's Recuenco II decision is binding. 163 Wash.2d at 441-42, 180 P.3d 1276. A sentencing court may impose a firearm sentence enhancement only when the information alleges the firearm enhancement, the State produces evidence supporting the firearm enhancement, and the fact finder returns a firearm enhancement special verdict. Id. at 434, 441, 180 P.3d 1276. Here, the State properly charged the firearm enhancements, but the jury was only instructed on deadly weapon enhancements. According to Recuenco II, the finder of fact here did not make the factual determinations necessary to impose firearm enhancements. Id. at 442, 180 P.3d 1276.
¶ 16 We, then, uphold our original decision that the sentencing error here is not harmless. And we vacate the sentence enhancements based on the use of a firearm (RCW 9.94A.533(3)) and remand for resentencing using deadly weapon sentence enhancements (RCW 9.94A.533(4)).
WE CONCUR: KULIK, A.C.J., and BROWN, J.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).