[No. 41585-2-II.   Division Two.   June 5, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD DUANE BUNCH, *Appellant*.

*Richard Duane Bunch*, pro se.

*Thomas E. Doyle*, for appellant.

*Jon Tunheim, Prosecuting Attorney*, and *Carol L. La Verne, Deputy*, for respondent.

¶1 ARMSTRONG, J. — Richard Duane Bunch appeals his first degree robbery conviction, arguing that the trial court erred in instructing the jury on an uncharged alternative means of committing that offense. He also challenges the court's imposition of community custody conditions restricting his contact with minors and its imposition of $6,319.15 in jury costs. Bunch raises an additional issue in a pro se statement of additional grounds. We affirm Bunch's conviction but remand for the trial court to strike the community custody conditions at issue and to correct the jury costs imposed.

IMPOSITION OF JURY COSTS

¶2 We address Bunch's challenge to the jury costs imposed without first referring to the facts underlying his conviction. Bunch did not challenge these costs below, but unlawful sentences can be challenged for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008).

¶3 The State contends, however, that court costs are not a final judgment and are not appealable as a matter of right. *See State v. Smits*, 152 Wn. App. 514, 523, 216 P.3d 1097 (2009) (order to pay legal financial obligations as part of judgment and sentence is conditional). In *Smits*, Division One of this court held that challenges to two sets of legal financial obligations were not ripe for review because the State had not yet sought payment and the defendant was not yet aggrieved. *Smits*, 152 Wn. App. at 525. This was the only issue in *Smits*, and the court held that its commissioner had properly dismissed the appeals. *Smits*, 152 Wn. App. at 525.

¶4 By contrast, we addressed the merits of a jury fee where the appeal raised additional issues, even though the State had not yet sought to enforce the defendant's legal financial obligations. *State v. Hathaway*, 161 Wn. App. 634, 651-52, 251 P.3d 253, *review denied*, 172 Wn.2d 1021 (2011). We reasoned that review of the jury fee would facilitate justice and likely conserve future judicial resources. *Hathaway*, 161 Wn. App. at 652.

¶5 RCW 10.01.160(1) permits the trial court to impose costs on a convicted defendant. *Hathaway*, 161 Wn. App. at 652. Although such costs cannot include "expenses inherent in providing a constitutionally guaranteed jury trial," a court may impose a jury demand fee of up to $125.00 for a 6-person jury or $250.00 for a 12-person jury. RCW 10.01.160(2); RCW 10.46.190; RCW 36.18.016(3)(b). Because the jury demand fee of $1,604.53 in *Hathaway* exceeded the statutory maximum fee permissible, we remanded to the trial court to impose fees based on the jury's size consistent with its statutory authority. *Hathaway*, 161 Wn. App. at 653.

¶6 We reach the same result here. The jury costs of more than $6,000 clearly exceeded the maximum fee permissible

634

for Bunch's 12-person jury. On remand, the trial court must correct the jury costs imposed.[1]

¶7 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, C.J., and VAN DEREN, J., concur.

---

[1] Given this result, we need not reach Bunch's alternative argument that his attorney represented him ineffectively by failing to object to the jury costs imposed.