# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,

Respondent,

v.

PIERCE ALFONSO DUBOIS,

Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

No. 68275-0-I

UNPUBLISHED OPINION

FILED: JUL ~ 8 2013

PER CURIAM—Pierce DuBois appeals his convictions for second degree murder and first degree unlawful possession of a firearm. He contends that the court's "to convict" instructions misstated the law by telling the jury, "If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." According to DuBois, the court should have instructed the jury that it "may" convict because there is no "duty to convict" under federal and Washington state law.

We rejected the same argument in State v. Meggyesy, 90 Wn. App. 693, 958 P.2d 319, review denied, 136 Wn.2d 1028 (1998), abrogated on other grounds by State v. Recuenco, 154 Wn.2d 156, 110 P.3d 188 (2005). Our courts have adhered to Meggyesy and the Washington Supreme Court has repeatedly denied review. See, State v. Bonisisio, 92 Wn. App. 783, 793-94, 964 P.2d 1222 (1998), review denied, 137 Wn.2d 1024 (1999); State v. Brown, 130 Wn. App

767, 770-71, 124 P.3d 663 (2005). DuBois offers no persuasive basis for departing from our holding in Meggyesy.

In a pro se statement of additional grounds, DuBois argues that his statements to police were inadmissible because he did not waive his rights during the interrogation. "Under Miranda v. Arizona,[1] a confession is voluntary, and therefore admissible, if made after the defendant has been advised concerning rights and the defendant then knowingly, voluntarily and intelligently waives those rights." State v. Aten, 130 Wn.2d 640, 663, 927 P.2d 210 (1996). Voluntariness of a confession is determined by the totality of the circumstances under which it was made. Aten, 130 Wn.2d at 663-64. Denial of a suppression motion is reviewed by independently evaluating the record to determine whether substantial evidence supports the findings and whether the findings support the conclusions. State v. Cunningham, 116 Wn. App. 219, 226, 65 P.3d 325 (2003) (citing State v. Broadaway, 133 Wn.2d 118, 130, 942 P.2d 363 (1997)). We review legal conclusions de novo. State v. Johnson, 128 Wn.2d 431, 443, 909 P.2d 293 (1996).

DuBois' claim focuses on the statements he made to the detectives at police headquarters.[2] All of these statements were made after DuBois had been informed of his rights. Initially, officers at the scene of the arrest issued the Miranda warning. A patrol car video captured the advisement and acknowledgement of those rights. Two officers testified that DuBois did not

---

[1] 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).
[2] DuBois made several statements at the scene of his arrest that were admitted at trial, but he appears to dispute only the statements made to detectives at police headquarters.

2

invoke his right to silence or his right to an attorney at any time during their contact with him.

After officers transported DuBois to police headquarters, a detective asked if he had been read his rights. DuBois said he received and understood them. During this session, DuBois did not invoke his right to silence or request an attorney. When homicide detectives arrived, they again advised DuBois of his rights before interrogating him. DuBois also received a written explanation of his rights and acknowledged that he understood them. This exchange was captured on video. DuBois spoke with detectives and answered questions until he decided to invoke his right to remain silent and his right to an attorney.

The trial court determined that DuBois' statements to police were "the product of custodial interrogation, but were made knowingly, intelligently, and voluntarily after a full advisement of Miranda warnings." The trial court's conclusions are amply supported by evidence in the record. The statements DuBois made before the exercise of his rights were properly admitted.

Affirmed.

For the court:

_____

_____

Leach, C.J.

3