IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30680-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE LUIS GONZALEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Jose Luis Gonzalez appeals his first degree child rape and first degree child molestation convictions involving his nine-year-old niece. He contends the standard "to convict" jury instruction was erroneous in specifying a duty to convict. We accept the State's error concessions concerning Mr. Gonzalez's other assignments of error regarding certain community custody restrictions and the trial court's determination that Mr. Gonzalez has the current or future ability to pay legal financial obligations (LFOs). In his statement of additional grounds for review (SAG), Mr. Gonzalez, pro se, requests a new trial based on DNA (deoxyribonucleic acid) evidence and the lack of medical evidence establishing rape. We affirm and remand for the trial court to remedy the conceded errors.

No. 30680-1-III
*State v. Gonzalez*

FACTS

The State charged Mr. Gonzalez with first degree child rape and first degree child molestation after his nine-year-old niece, N.G., reported to her mother that her uncle had anal intercourse with her while she was at her grandmother's house.

During trial, the court instructed the jury by standard form, without objection, that to convict Mr. Gonzalez of first degree child rape and first degree child molestation, it must review each element and, "If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." Clerk's Papers (CP) at 147, 150. The jury found Mr. Gonzalez guilty as charged.

The court sentenced Mr. Gonzalez to 155 months, imposed certain contested sentencing conditions, and found Mr. Gonzalez had the ability to pay his LFOs. Mr. Gonzalez appealed. We next address the State's error concessions before beginning our analysis of the remaining issues.

The State concedes sentencing condition errors in the court prohibiting Mr. Gonzalez upon release from purchasing, possessing, or viewing "any pornographic material in any form as defined by the treatment provider or the supervising Community Corrections Officer." CP at 160. Additionally, the State concedes error in prohibiting Mr. Gonzalez from possessing "children's clothing, toys, games, etc. without the prior approval of the sexual deviancy therapist and or supervising Community Corrections Officer" and from purchasing, possessing, or using "law enforcement identification,

2

insignia badges, uniforms or other items identified with law enforcement." CP at 161. The court further added the condition that Mr. Gonzalez "[p]ay restitution for counseling obtained by the victim." *Id.* The court imposed LFOs totaling $1,400. The State concedes trial court error in deciding Mr. Gonzalez had "the ability or likely future ability to pay the financial obligations imposed herein." *Id.*

The proper recourse for the imposition of community custody conditions not related to the crime is to remand to the trial court "to strike the community custody conditions at issue." *State v. Bunch*, 168 Wn. App. 631, 632, 279 P.3d 432 (2012). Thus, the challenged conditions relating to pornography, restitution, children's clothing and toys, and law enforcement paraphernalia should be stricken.

Regarding the challenged finding regarding Mr. Gonzalez's ability to pay, the State concedes the court had no basis for determining that he has the ability to pay his LFOs. The proper remedy is to affirm the imposition of LFOs, reverse the finding of present or future ability to pay, and "remand to the trial court to strike [the] finding . . . from the judgment and sentence." *State v. Bertrand*, 165 Wn. App. 393, 405, 267 P.3d 511 (2011), *review denied*, 175 Wn.2d 1014 (2012). Any further challenge to the legal financial obligations can be left for when the State seeks to collect the obligation. *Id.*

3

## ANALYSIS

### A. Pattern Instruction

The issue is whether the trial court erred by instructing the jury it had a "duty" to find Mr. Gonzalez guilty if it found all elements of the crimes. He contends these erroneous instructions denied him his constitutional right to a jury trial.

Mr. Gonzalez did not object below to the jury instructions. A failure to object to jury instructions at trial usually constitutes waiver of any error, precluding review for the first time on appeal. RAP 2.5(a)(3). This court, however, will reach an error not raised below where the error is manifest and affects a constitutional right.

In *State v. Meggyesy*, 90 Wn. App. 693, 958 P.2d 319 (1998), *abrogated on other grounds by State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005), Division One of this court chose to reach the same instructional error raised here for the first time on appeal. But, the court did so because Mr. Meggyesy's appeal was consolidated with another appeal and in the other appeal the defendant challenged the jury instruction below. *Meggyesy*, 90 Wn. App. at 697. Because the cases were consolidated, the court declined to "reach the 'manifest error' issue" and, instead, exercised its "discretion and consider[ed] Meggyesy's claim of error." *Id.* at 697-98. Thus, we must first determine whether Mr. Gonzalez raises a manifest error that affects a constitutional right.

To establish that the error was manifest, a defendant must make a plausible showing that the error had a practical and identifiable consequence in the trial of his or

4

her case. *State v. Lynn*, 67 Wn. App. 339, 345, 835 P.2d 251 (1992). Mr. Gonzalez cannot meet this standard.

Mr. Gonzalez assigns error to the court's direction to the jury that "[i]f you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty." CP at 147, 150. The standard language of this instruction is from 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTION: CRIMINAL 26.04 (3d ed. (2008)). Mr. Gonzalez argues, under Washington law, juries never have a duty to return a verdict of guilty and that the instruction violates article I, sections 21 and 22 of the Washington Constitution and the right to a jury trial under the federal constitution. The rationale that underlies Mr. Gonzalez's challenge, however, has been rejected in two cases: *Meggyesy* and *State v. Bonisisio*, 92 Wn. App. 783, 794, 964 P.2d 1222 (1998).

In *Meggyesy*, the court instructed the jury regarding the elements of first degree assault, stating, "If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, *then it will be your duty to return a verdict of guilty.*" 90 Wn. App. at 697. (Emphasis in original.) Mr. Meggyesy objected on the same premise as Mr. Gonzalez — that the instruction violated his right to trial by jury because the instruction required the jury to convict if they found the State proved all of the elements of the charged crime. Rejecting this argument, the court held, "neither the federal nor the state constitution precludes such an instruction." *Id.* at 696.

5

Similarly, in *Bonisisio*, Division Two of this court reviewed the same jury instruction, objected to by Mr. Bonisisio below. The court held, "We agree with the reasoning in *Meggyesy* that such an instruction is equivalent to notifying the jury of its power to acquit against the evidence." 92 Wn. App. at 794. Thus, the court held, "the trial court did not err in instructing the jury as it did." *Id.*

We agree with the reasoning in both *Meggyesy* and *Bonisisio*. Both reject Mr. Gonzalez's argument. Thus, Mr. Gonzalez fails to establish any error, let alone a manifest error, affecting a constitutional right. Accordingly, he waived this issue and it may not be raised for the first time on appeal.

### B. Statement of Additional Grounds for Review

Mr. Gonzalez, pro se, requests a new trial first, based on alleged DNA evidence that he claims exonerates him and, second, the lack of medical records showing N.G. was raped.

Mr. Gonzalez's first contention is based on evidence outside our record. The proper avenue for bringing claims based on evidence outside the record is through a personal restraint petition, not an appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

"In a criminal prosecution the State bears the burden of proving all of the elements of the crime charged." *State v. Teal*, 152 Wn.2d 333, 337, 96 P.3d 974 (2004). Circumstantial and direct evidence have equal weight. *State v. Varga*, 151

6

No. 30680-1-III
*State v. Gonzalez*

Wn.2d 179, 201, 86 P.3d 139 (2004). Sufficient evidence supports Mr. Gonzalez's convictions of rape without physical evidence from a medical provider.

Affirmed. Remanded for sentence corrections consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Siddoway, J.

7