IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35368-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN RAY THACKER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Following convictions for possession of methamphetamine, multiple violations of a no-contact order, and obstructing a law enforcement officer, Mr. Thacker appeals only the controlled substance conviction. He argues that "duty to convict" language in the to-convict instruction for possession of a controlled substance deprived him of his right to present his defense of unwitting possession. Read as a whole, as they would have been, the instructions were not misleading. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On February 13, 2017, Sergeant Donnelly Tallant of the Omak Police Department responded to a call from a woman who reported that Jonathan Thacker was parked outside her apartment complex in violation of a no-contact order between Mr. Thacker and another resident. Sergeant Tallant checked Mr. Thacker's name against police

records and verified that there was an active protection order in the system, signed by Mr. Thacker.

Sergeant Tallant responded to the location, where he saw Mr. Thacker standing outside of a white car. Mr. Thacker was standing roughly 120 feet from the protected person's apartment. As the sergeant approached, Mr. Thacker spoke up, volunteering that he wasn't in violation of any protection orders. When the sergeant asked why he thought he was not, Mr. Thacker responded that he was more than 100 feet from the protected person's residence. Sergeant Tallant called dispatch to verify the distance listed on the protection order and, confirming that the order prohibited Mr. Thatcher from being within 300 feet of the residence, he arrested Mr. Thacker and placed him in handcuffs.

The sergeant then conducted a search incident to arrest. Mr. Thacker was initially compliant but began to stiffen up and resist, making it difficult for the sergeant to search his hands and one of his coat pockets. The sergeant saw what appeared to be a syringe in Mr. Thacker's hand and became concerned that Mr. Thacker was trying to poke him with it, so he took Mr. Thacker to the ground to get better control of him. Mr. Thacker eventually released the syringe and a vial that he was holding in his hand, and Sergeant Tallant retrieved them.

Sergeant Tallant spoke with Mr. Thacker after he was transported to jail and was read his *Miranda*[1] rights. Mr. Thacker told the sergeant that he was not trying to assault the officer, he just "didn't want [the officer] to—find the—the needle and the—and the vial." Report of Proceedings (RP) at 103. He told the sergeant that "they weren't his." *Id.* When Sergeant Tallant asked what he thought was in the vial, Mr. Thacker said "he—believed it was meth', but he said he didn't really know for sure." *Id.* Mr. Thacker claimed he was not the owner of the syringe or the vial, and had just been cleaning out his car when Sergeant Tallant responded to the call. The vial tested positive for methamphetamine.

The State charged Mr. Thacker with possession of methamphetamine, violation of a domestic violence no-contact order, and obstructing a law enforcement officer. It later amended the information to add additional counts of violation of a domestic violence no-contact order based on phone calls Mr. Thacker made while in jail.

Consistent with his statements to Sergeant Tallant, Mr. Thacker defended against the controlled substance charge by claiming unwitting possession.

Among the jury instructions given at trial were the pattern to-convict instruction for the controlled substance charge and a pattern instruction on the defense of unwitting possession. They read as follows:

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

INSTRUCTION NO. 7

To convict the defendant of the crime of Possession of a Controlled Substance as charged in count 1, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about February 13th 2017, the defendant possessed a controlled substance, to wit: Methamphetamine; and

(2) That this act occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 58, which is based on 11 *Washington Practice: Washington*

*Pattern Jury Instructions: Criminal* 50.02, at 1118 (4th ed. 2016) (WPIC), and

INSTRUCTION NO. 11

A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession.

The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

CP at 62, which is based on WPIC 52.01, at 1196.

In lieu of the latter, unwitting possession instruction, the defense had proposed the

WPIC but with a final sentence added, which stated, "If you find the defendant has

established this defense . . . it will be your duty to return a verdict of not guilty." RP at

4

140. Upon confirming that the sentence was not included in the pattern instruction, the trial court declined to give Mr. Thacker's proposed instruction, explaining it was not going to venture out beyond the pattern instruction without a good reason. When the instructions were finalized and the time came for formal objections, the defense made none. *See* RP at 233 ("Looks good, [Y]our Honor.").

The jury found Mr. Thacker guilty as charged. The trial court sentenced Mr. Thacker to 18 months' incarceration. Mr. Thacker appeals.

## ANALYSIS

Mr. Thacker argues that the court erred by giving WPIC 52.01 and failing to include the concluding sentence proposed by his trial lawyer. He contends that "the to-convict and unwitting possession instructions provide inconsistent decisional standards." Br. of Appellant at 10. He continues:

> Instruction 7 told jurors they <u>must</u> convict if the State met its burden, while Instruction 11 told jurors a person is not guilty of methamphetamine possession if they did not know they possessed it. One can only speculate how jurors interpreted these two instructions when [they] convicted Thacker of methamphetamine possession.

*Id.* (citation omitted).

"Jury instructions are sufficient when they allow counsel to argue their theory of the case, are not misleading, and when read as a whole properly inform the trier of fact of the applicable law." *Bodin v. City of Stanwood*, 130 Wn.2d 726, 732, 927 P.2d 240 (1996).

5

RCW 69.50.4013 makes it unlawful to possess a controlled substance without a valid prescription or unless otherwise authorized by chapter 69.50 RCW. It contains no mens rea requirement. *State v. Bradshaw*, 152 Wn.2d 528, 539, 98 P.3d 1190 (2004). Yet "[o]nce the State establishes prima facie evidence of possession, the defendant may . . . affirmatively assert that his possession of the drug was 'unwitting, or authorized by law, or acquired by lawful means in a lawful manner, or was otherwise excusable under the statute.'" *State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994) (quoting *State v. Morris*, 70 Wn.2d 27, 34, 422 P.2d 27 (1966)).

The "duty to convict" language in Washington's pattern to-convict instructions has been challenged on several bases but has been consistently upheld. *E.g.*, *State v. Brown*, 130 Wn. App. 767, 770, 124 P.3d 663 (2005); *State v. Bonisisio*, 92 Wn. App. 783, 794, 964 P.2d 1222 (1998); *State v. Meggyesy*, 90 Wn. App. 693, 705, 958 P.2d 319 (1998), *abrogated on other grounds by State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005). In *Meggyesy*, one of the defendant's arguments was that the to-convict instruction and the self-defense instructions were "irreconcilable" because they contradicted each other. *Meggyesy*, 90 Wn. App. at 705. This court rejected this argument, explaining that at trial,

> [T]he court first informed the jury that it had a duty to convict if the State proved the elements of the charged crime. It also instructed the jury that if the State was unable to prove the absence of self-defense, the jury must acquit [the defendant]. The second of these instructions supplemented the first. The instructions are not erroneous.

*Id*. at 706.

6

The *Meggyesy* court relied in reaching this conclusion on *State v. Hoffman*, 116 Wn.2d 51, 108-09, 804 P.2d 577 (1991), in which the defendant had argued it was error for the trial court not to have made the self-defense instructions a part of the "to convict" instructions. The Supreme Court rejected the argument, noting that "the jury was instructed to consider the instructions as a whole," and, "No prejudicial error occurs when the instructions taken as a whole properly instruct the jury on the applicable law." *Id.* at 109. The court "perceive[d] no error" in the pattern instructions' approach to instructing separately on defenses. *Id.*

Mr. Thacker's argument is the same as that made and rejected in *Meggyesy* and *Hoffman*. While the trial court instructed the jury in instruction 7 that it had a duty to convict Mr. Thacker if the elements of possession of a controlled substance were met, it told jurors in instruction 11 that "[a] person is not guilty of possession of a controlled substance if the possession is unwitting." CP at 62. Exercising common sense, jurors would understand the relationship of the instructions. And in instruction 1, the court told the jurors:

> The order of these instructions has no significance as to their relative importance. They are all important. In closing arguments, the lawyers may properly discuss specific instructions. During your deliberations, you must consider the instructions as a whole.

CP at 52.[2]

---

[2] Recognizing that we might refuse to review the jury instruction challenge because it is raised for the first time on appeal, Mr. Thacker makes an alternative

7

No. 35368-1-III
*State v. Thacker*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

argument of ineffective assistance of counsel. Since we exercise our discretion to review the jury instruction issue and find no error, we need not address the ineffective assistance of counsel issue.

8